IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CHARLES SHERRARD,

        Plaintiff,               No. 2:12-cv-607-EFB

       vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.         <u>ORDER</u>
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  The parties' cross-motions for summary judgment are pending.  For the reasons discussed below, the court grants the Commissioner's motion and denies plaintiff's motion.

I.     <u>BACKGROUND</u>

        Plaintiff protectively filed for a period of disability and DIB on March 30, 2009, alleging that he had been disabled since December 16, 2008.  Administrative Record ("AR") 151-156.  Plaintiff's application was initially denied on June 17, 2009, and upon reconsideration on September 10, 2009.  *Id.* at 81-84, 86-90.  On January 4, 2011, a hearing was held before administrative law judge ("ALJ") Peter F. Belli.  *Id.* at 36-72.  Plaintiff was represented by counsel at the hearing, at which he and a Vocational Expert ("VE") testified.  *Id.*

1

On March 25, 2011, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(I) and 223(d) of the act.[1]  *Id.* at 18-30.  The ALJ made the following specific findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2.  The claimant has not engaged in substantial gainful activity since December 16, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, with cervical radiculopathy; chronic pain syndrome; plantar fasciitis of the left foot; hypertension; obesity; opioid dependence; and borderline intellectual functioning (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*  Supplemental Security Income ("SSI") is paid to disabled persons with low income and limited resources. 42 U.S.C. §§ 1382 *et seq.*  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert,* 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

\* \* \*

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

\* \* \*

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: he could lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; he could sit for 8 hours in an 8-hour workday, with normal breaks; he could stand and walk for 8 hours in an 8-hour workday, with normal breaks; he could occasionally stoop, crouch, crawl, and kneel; he is unable to climb ladders, ropes, or scaffolds; he is unable to work at unprotected heights or around unprotected dangerous machinery; he has no limitations in the ability to understand, remember, and carry out short simple instructions; his ability to understand, remember, and carry out detailed instructions is moderately limited; his ability to make judgments on simple work-related decisions and on detailed work-related decisions is slightly limited; his ability to interact appropriately with the public, supervisors, and coworkers is slightly limited; his ability to respond appropriately to work pressures in a usual work setting is slightly limited; and his ability to respond appropriately to changes in a routine work setting is slightly limited.

\* \* \*

6.      The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7.      The claimant was born on October 21, 1956 and was 52 years old, which is defined as closely approaching advanced age, on the disability onset date (20 CFR 404.1563).

8.      The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

* * *

11.     The claimant has not been under a disability, as defined in the Social Security Act, from December 16, 2008, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 23-30.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 16, and on January 6, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner.[2]  *Id.* at 1-5.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

---

[2]  The Appeals Council did, however, expand the record with additional evidence.  AR 5.

1    interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

2    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

3    III.    ANALYSIS

4           Plaintiff argues that the ALJ erred in: 1) assessing plaintiff's credibility; 2) resolving

5    conflicts in the medical opinions regarding plaintiff's limitations in attention and concentration,

6    and his ability to stand or walk before needing to sit; and 3) failing to include any limitation

7    regarding plaintiff's pain and his ability to maintain attention, concentration, persistence, or pace

8    in his residual functioning capacity ("RFC") and in his hypothetical question to the VE.  *See*

9    Pl.'s Mot. for Summ. J., ECF No. 13-1.

10          A.      The ALJ Did Not Err in Assessing Plaintiff's Credibility

11          Plaintiff argues that the ALJ erred in evaluating plaintiff's subjective complaints and

12   credibility.  Under Ninth Circuit law, an ALJ must engage in a two-step analysis when

13   determining whether a claimant's testimony regarding subjective pain or symptoms is credible:

14          First, the ALJ must determine whether the claimant has presented objective
            medical evidence of an underlying impairment "which could reasonably be
15          expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947
            F.2d 341, 344 (9th Cir.1991) (en banc) (internal quotation marks omitted).  The
16          claimant, however, "need not show that her impairment could reasonably be
            expected to cause the severity of the symptom she has alleged; she need only
17          show that it could reasonably have caused some degree of the symptom."  *Smolen
            v. Chater*, 80 F.3d 1273, 1282 (9th Cir.1996).  "Thus, the ALJ may not reject
18          subjective symptom testimony . . . simply because there is no showing that the
            impairment can reasonably produce the degree of symptom alleged."  *Id.*; *see also
19          Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit the claimant's
            testimony as to the severity of symptoms merely because they are unsupported by
20          objective medical evidence.").

21          Second, if the claimant meets this first test, and there is no evidence of
            malingering, "the ALJ can reject the claimant's testimony about the severity of
22          her symptoms only by offering specific, clear and convincing reasons for doing
            so."  *Smolen*, 80 F.3d at 1281; *see also Robbins*, 466 F.3d at 883 ("[U]nless an
23          ALJ makes a finding of malingering based on affirmative evidence thereof, he or
            she may only find an applicant not credible by making specific findings as to
24          credibility and stating clear and convincing reasons for each.").

25   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  To support a lack of credibility

26   finding, the ALJ must "point to specific facts in the record which demonstrate that [the claimant

1   is in less pain or the claimant's symptoms are less severe] than she claims." *Vasquez v. Astrue*,

2   547 F.3d 1101, 1105 (9th Cir. 2008); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)

3   (to reject a claimant's subjective complaints, ALJ must provide "specific, cogent reasons for the

4   disbelief" and unless affirmative evidence shows the claimant is malingering, ALJ's reasons

5   must be "clear and convincing").

6         Here, the ALJ provided several reasons for finding plaintiff's reported pain was less

7   severe than he claimed.  First, the ALJ noted:

8           Despite his allegations, physical examinations have revealed generally mild
    findings, Specifically, examinations of the extremities have revealed good range

9           of motion.  In fact, the most significant findings include subjective back pain with
    motion.

10

11   AR 27 (internal citations omitted).  Thus, the ALJ found that the objective medical evidence in

12   the record did not fully support plaintiff's subjective complaints, which is a relevant factor in

13   assessing credibility.  *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *Morgan v.*

14   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  Plaintiff does not challenge

15   these findings.  Instead, he points to other evidence in the record that he believes supports his

16   allegations of severe pain.  *See* ECF No. 13-1 at 24-25.  As the Commissioner states in the cross-

17   motion, however, "[t]he legally relevant question here is whether substantial evidence supports

18   the ALJ's credibility determination, not whether there is some other reasonable evidence that

19   supports the Plaintiff's complaint."  ECF No. 19 at 10 (citing *Richardson v. Perales*, 402 U.S.

20   389, 401 (1971) and *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  Here, although

21   reasonable minds might differ, the ALJ's findings are supported by substantial evidence.  *See*

22   AR 330, 334, 373, 409, 432-433, 541, 569 (medical records documenting largely normal range

23   of motion and negative results for objective tests, such as straight-leg raises).

24         The ALJ also noted that plaintiff's allegations were "inconsistent with his statements to

25   treating sources."  AR 27.  As examples, the ALJ pointed out that plaintiff had reported "no joint

26   pain" upon a review of systems, and had also stated that his pain is under control with

1  medication.  AR 27, 567, 576, 582.  In assessing a claimant's credibility, the ALJ may use

2  "ordinary techniques of credibility evaluation," such  as inconsistent statements in the claimant's

3  testimony.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. Cal. 2001).  Here, the ALJ

4  properly considered plaintiff's admissions in assessing his credibility.  *See Swanson v. Sec'y of*

5  *Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) (finding that "appellant's

6  admission that she improved after surgical procedures" supported ALJ's decision that she was

7  not disabled).

8       The ALJ also pointed out that plaintiff has "admitted to wide ranging activities that

9  suggest he is quite functional."  AR 27.  The ALJ referred to plaintiff's hearing testimony, where

10  he stated that he cares for himself, can move his neck left and right when driving, and can walk

11  around the store when grocery shopping.  *Id.*  The ALJ also referred to his testimony that he does

12  the laundry, dishes and some vacuuming and dusting.  *Id.*  Plaintiff argues that the ALJ erred in

13  relying on these activities to assess his credibility without also determining whether the activities

14  "provided him with transferable skills or occupied a substantial part the day."  ECF No. 13-1 at

15  25.  Plaintiff's argument lacks merit.  The ALJ properly noted that plaintiff's wide range of

16  activities were inconsistent with his own statements.  *See* 20 C.F.R. § 404.1529(c)(3)(I) (daily

17  activities relevant to credibility); *Valentine v. Comm'r SSA*, 574 F.3d 685, 693 (9th Cir. 2009)

18  (ALJ properly recognized that the daily activities "did not suggest [that claimant] could return to

19  his old job" but "did suggest that [his] later claims about the severity of his limitations were

20  exaggerated").

21       In sum, plaintiff has not demonstrated that the ALJ erred in assessing his credibility.  The

22  ALJ provided clear and convincing reasons for finding that plaintiff's allegations of pain were

23  not entirely credible.  Those findings will not be disturbed.

24  /////

25  /////

26  /////

B.      The ALJ Properly Resolved Conflicts in Medical Testimony and Supported His Decision with Substantial Evidence

Plaintiff argues that the ALJ failed to properly resolve conflicts in the medical opinions regarding plaintiff's limitations in attention and concentration, and the extent to which plaintiff's pain limited his ability to work.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  *Id.* at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Dr. Retodo was plaintiff's treating physician.  He documented plaintiff's complaints of pain and diagnosed plaintiff with chronic pain syndrome.  *See, e.g.,* AR 487, 615.  He also opined that plaintiff's pain was so severe that it would "constantly" interfere with the attention and concentration needed to perform even simple work tasks.  AR 617.  In addition, he

1  determined that plaintiff could not stand for more than an hour before needing to sit down or

2  walk around, but that he could sit, stand and walk at least six hours in an eight hour workday.

3  AR 617-619.

4       Similarly, Dr. Pathak, a consultative physician, examined plaintiff and opined that

5  plaintiff had chronic pain syndrome, with the capacity to stand and/or walk for six hours in an

6  eight hour day, but for no more than 30 minutes at a time.  AR 433-434.

7       Dr. Hartman, a reviewing physician, also opined that plaintiff could stand for a total of

8  about six hours in an eight hour workday.  AR 436.  He determined that plaintiff could perform

9  light work, with occasional postural limitations, and no other limitations.  AR 435-441.

10       Dr. Molyn examined plaintiff on behalf of the Social Security Administration.  After

11  conducting several tests, Dr. Molyn found that plaintiff's ability to understand, remember, and

12  carry out simple instructions was unimpaired, and his ability to carry out complex instructions

13  was only mildly impaired.  AR 460.  However, Dr. Molyn also opined that plaintiff's ability to

14  maintain attention and concentration was markedly impaired.  *Id.* 460.

15       Dr. Gross, a state agency reviewing psychiatrist, reviewed the record and opined that

16  plaintiff was capable of simple, routine, 1 to 2 step tasks, and should have sufficient

17  concentration, persistence and pace such tasks.  AR 465.

18       As noted above, the ALJ found that plaintiff "could stand and walk for 8 hours in an 8-

19  hour workday, with normal breaks," and "has no limitations in the ability to understand,

20  remember, and carry out short simple instructions," but that "his ability to understand,

21  remember, and carry out detailed instructions is moderately limited."  AR 26.  The ALJ did not

22  adopt the opinions of Drs. Retodo and Pathak regarding the length of time in which plaintiff

23  could stand before having to sit down.  Nor did he adopt the opinions of Drs. Retodo and Molyn

24  regarding plaintiff's ability to maintain attention and concentration.

25  /////

26  /////

1.   <u>Plaintiff's Ability to Maintain Attention and Concentration</u>

In formulating plaintiff's RFC, the ALJ limited plaintiff to, among other things, jobs that require an ability to understand, remember, and carry out short simple instructions.  AR 26.  This decision is supported by substantial evidence showing plaintiff's attention and concentration were repeatedly noted as normal.  AR 27-28, 180, 369, 425, 508.  It is also supported by the opinion of Dr. Gross, a reviewing psychiatrist, who found that plaintiff had sufficient concentration, persistence, and pace for simple tasks.  AR 28, 465.  The ALJ gave significant weight to Dr. Gross's opinion.  AR 28.

Plaintiff argues that the ALJ erred in assigning little weight to the conflicting opinion of Dr. Molyn, an examining physician, who found that plaintiff's ability to maintain attention and concentration was "markedly impaired."  ECF No. 13-1 at 20.  Plaintiff suggests that Dr. Molyn's opinion was not contradicted, because Dr. Gross failed to make a finding specific to plaintiff's ability to "maintain" attention and concentration.  *See* ECF No. 13-1 at 20-21.  Assuming Dr. Molyn's opinion was not contradicted, the ALJ was required to give clear and convincing reasons for rejecting it.

While the ALJ credited much of Dr. Molyn's opinion, he gave "little weight" to his assertion that plaintiff's ability to maintain attention and concentration was "markedly impaired" because it was inconsistent with Dr. Molyn's own medical findings.  AR 28, 455-461.  The ALJ explained:

> [O]ne point of Dr. Molyn's opinion is unpersuasive; specifically, Dr. Molyn opined that the claimant's ability to maintain attention and concentration appears to be markedly impaired.  While the claimant registered low Trails A and B testing, mental status examination and other cognitive testing revealed generally mild findings suggesting only "mild" deficits in intellectual functioning.  In this limited sense, Dr. Molyn's opinion is given little weight.

AR 28 (internal citations omitted).   The ALJ is not required to accept a medical opinion that conflicts with that provider's own findings.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Such contradictions are "clear and convincing reasons[s] for not relying on [that]

1    doctor's opinion." *Id.* Because the ALJ properly discounted Dr. Molyn's report and because his

2    RFC assessment is supported by substantial evidence, the court finds no error.

3          Plaintiff also argues that the ALJ erred by failing to set forth specific and legitimate

4    reasons for rejecting Dr. Retodo's opinion that plaintiff's constant pain was sufficiently severe to

5    significantly interfere with the attention and concentration needed to perform simple tasks.

6    However, the ALJ made clear that Dr. Retodo's assessment was given little weight because it

7    was not supported by his own treatment notes.  *See* AR 28-29 ("Dr. Retodo's opinion of serious

8    limitations is a stark contrast to the generally mild findings noted in his own authored treatment

9    notes, which make little mention of pain, other than general back pain 'with motion.'").  An ALJ

10   is not required to accept a treating physician's opinion that is conclusory, brief, and unsupported

11   by the record as a whole or objective medical findings.  *Batson v. Comm'r of the SSA*, 359 F.3d

12   1190, 1195 (9th Cir. 2004); *see also* Social Security Ruling 96-2p[3] (noting it would be "error to

13   give an opinion controlling weight simply because it is the opinion of a treating source if it is not

14   well-supported . . . or if it is inconsistent with the other substantial evidence").  Here, the ALJ

15   properly discounted Dr. Retodo's opinion, as a review of Dr. Retodo's progress notes show that

16   he rarely documented pain during his physical examinations of plaintiff.  *See* AR 362, 365, 373,

17   380, 385, 392, 395, 402, 406, 409, 413, 416, 419, 422.

18         The ALJ also discounted Dr. Retodo's opinion because it relied on plaintiff's subjective

19   complaints of pain, which the ALJ did not find credible.  *See* AR 28-29.  An ALJ may reject a

20   treating physician's opinion if it is based "to a large extent" on "claimant's self-reports that have

21   been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

22   2008)).  There is substantial evidence in the record to support the ALJ's finding that Dr.

23

24        [3] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and

25   policy . . . .  Although SSRs are not published in the federal register and do not have the force of
     law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its

26   regulations."  *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc) (internal
     quotations and citations omitted).

1   Retodo's opinion "is largely based on [plaintiff's] subjective complaints of pain rather than on

2   objective findings."  AR 28; *see generally* AR 361-429.  Thus, the ALJ offered sufficiently

3   specific and legitimate reasons for rejecting the opinion of Dr. Retodo.  *See Fair v. Bowen*, 885

4   F.2d 597, 605 (9th Cir. 1989).

5                   2.      Plaintiff's Ability to Stand and Walk

6           The ALJ did not adopt the opinions of Drs. Retodo and Pathak regarding the length of

7   time in which plaintiff could stand before having to sit down.   The ALJ wrote:

8           Dr. Pathak's opinion that the claimant could not stand and/or walk for more than
            30 minutes at a time is given little weight, as treating physicians have noted no
9           significant physical examination findings suggesting such a considerable
            limitation.
10
            * * *
11
            Treating physician, Anthony Retodo, M.D., completed multiple certificates
12          indicating that due to pain, the claimant is unable to work . . . .

13          * * *

14          Although a treating physician, Dr. Retodo's opinion is unpersuasive for multiple
            reasons.  Dr. Retodo's opinion is largely based on the claimant's subjective
15          complaints of pain rather than on objective findings.  However, as discussed
            above, the claimant's allegations are not entirely credible.  Moreover, Dr.
16          Retodo's opinion of serious limitations is a stark contract to the generally mild
            findings noted in his own authored treatment notes, which make little mention of
17          pain, other than general back pain "with motion."  Thus, Dr. Retodo's opinion is
            given little weight.
18

19   27-29  (internal citations omitted).

20          Plaintiff argues that the ALJ's determination that plaintiff has the residual functional

21   capacity to perform standing and walking on a sustained basis is not supported by substantial

22   evidence because it relies on the opinion of Dr. Hartman, a non-examining physician.  Plaintiff

23   also argues that the ALJ erred by failing to note Dr. Pathak's observations of "mild tenderness"

24   /////

25   /////

26   /////

1    over plaintiff's left ankle and foot, and that plaintiff was limping while walking.  ECF No. 13-1

2    at 22; AR 434.[4]  Plaintiff's arguments lack merit.

3           The ALJ's determination that plaintiff has the residual functional capacity to perform

4    standing and walking on a sustained basis is consistent with the opinion of Dr. Hartman, to

5    which the ALJ attributed "significant weight."  AR 27.  Dr. Hartman's opinion regarding

6    plaintiff's ability to stand and/or walk over the course of a workday is supported by the record.

7    For example, Dr. Pathak also determined that plaintiff had the capacity to stand and/or walk for

8    six hours in an eight hour day.  AR 433-434.  The ALJ properly discredited Dr. Pathak's separate

9    finding – that plaintiff could not stand for more than 30 minutes at a time – because plaintiff's

10   *treating* physician's had not noted any "significant physical examination findings suggesting

11   such a considerable limitation."  AR 27.  Though plaintiff's treating physician, Dr. Retodo,

12   offered an opinion similar to Dr. Pathak's opinion that plaintiff could not stand for more than 30

13   minutes at a time, the ALJ gave little weight to that opinion.  The ALJ explained that Dr.

14   Retodo's opinion was not supported by his own treatment notes and relied on plaintiff's

15   subjective complaints of pain.  As discussed, the ALJ properly determined that plaintiff's

16   allegations were "not entirely credible."  AR 27-29.  Moreover, Dr. Hartman's assessment of

17   plaintiff was subsequently confirmed by another non-examining physician, Dr. Jaituni.  AR 453.

18          As noted, plaintiff identifies other evidence in the record that could support a

19   determination that he is disabled.  *See, e.g.,* ECF No. 13-1 at 21-22.  However, this court must

20   defer to the ALJ's conclusion as long as it is supported by substantial evidence and is free of

21   legal error.  This court may not independently re-weigh the medical evidence.  Here, the ALJ's

22   opinion is supported by substantial evidence and free of legal error.  *See Thomas v. Barnhart*,

23   278 F.3d 947, 957 (9th Cir. 2002) ("opinions of non-treating or non-examining physicians may

24   /////

25   ───────────────────

26          [4] The court notes that elsewhere in Dr. Pathak's report, he found no tenderness in
     plaintiff's ankles or feet.  *See* AR 433.

13

1  . . . serve as substantial evidence when the opinions are consistent with independent clinical

2  findings or other evidence in the record").

3        C.        The ALJ Properly Assessed Plaintiff's RFC and His Hypothetical to the VE

4                  Appropriately Reflected the RFC

5        Plaintiff argues that the ALJ erred by failing to include in the RFC any limitation

6  regarding pain and plaintiff's ability to maintain attention, concentration, persistence or pace.

7  He argues further, that the ALJ erred by failing to include such limitations in his hypothetical

8  question to the VE.  ECF No. 13-1 at 27-30.

9        An ALJ may synthesize and translate assessed limitations into an RFC assessment

10  without necessarily repeating each functional limitation verbatim in the RFC assessment."

11  *Martin v. Astrue*, No. 2:12-cv-0033-KJN, 2013 U.S. Dist. LEXIS 19651, at *28 (E.D. Cal. Feb.

12  12, 2013) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008)).

13  Here, the ALJ considered the medical evidence and plaintiff's allegations of pain and formulated

14  an RFC limiting him to work that was light with only occasional stooping, crawling, crouching,

15  and kneeling.  AR 26.  The ALJ also considered the inconsistent evidence regarding plaintiff's

16  difficulties with concentration and attention.  Ultimately, the ALJ formulated an RFC limiting

17  plaintiff to, among other things, an ability to understand, remember, and carry out short simple

18  instructions.  AR 26.  This RFC adequately captured plaintiff's limitations because of pain and

19  his ability to maintain attention, concentration, persistence or pace.  *See Stubbs-Danielson*, 539

20  F.3d at 1174 (9th Cir. 2008) (ALJ's finding that plaintiff could do "simple tasks" incorporated

21  plaintiff's pace and mental limitations); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001)

22  (ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine

23  tasks adequately captured claimant's deficiencies in concentration, persistence or pace).   Thus,

24  plaintiff has not shown that the ALJ failed to account for plaintiff's assessed limitations.

25        Moreover, plaintiff admits that the "ALJ presented a hypothetical question to the VE that

26  included the limitations he had set forth in his residual functional capacity finding."  ECF No.

13-1 at 29-30.  As discussed above, the ALJ's RFC determination is supported by substantial evidence.  Given that the ALJ's hypothetical to the VE matched the RFC, the ALJ did not err in this regard.

IV.    <u>CONCLUSION</u>

The court finds that the ALJ's decision is supported by substantial evidence and is based on the proper legal standards.  Therefore, IT IS ORDERED that:

1.  Plaintiff's motion for summary judgment is denied;

2.  The Commissioner's cross-motion for summary judgment is granted; and

3.  The Clerk is directed to enter judgment in the Commissioner's favor.

DATED:  September 30, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE